**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 26-cv-4056 |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | ) ) ) | |
| Defendant. | ) ) ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      The United States Department of the Interior (DOI) is violating the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by failing to disclose records that Plaintiff Natural Resources Defense Council, Inc. (NRDC) has requested.

2.      On March 30, 2026, NRDC submitted a FOIA request seeking documents related to DOI's March 23, 2026 agreements with the energy company TotalEnergies, in which the company's subsidiaries agreed to let DOI cancel two offshore wind leases in exchange for over $900 million in taxpayer money, framed as a reimbursement for investments in fossil-fuel projects. The statutory deadlines under FOIA have passed, but DOI has not responded.

3.      NRDC brings this case to compel DOI to release records of significant importance to the public. While DOI's unprecedented agreements have garnered substantial press attention, few details about how the agreements were conceived,

1

negotiated, and implemented have been disclosed. DOI's failure to timely disclose the requested records shields their decisionmaking from public scrutiny, in violation of FOIA.

4.    NRDC seeks a declaration that DOI has violated FOIA by failing both to provide a final determination on its request and by failing to promptly produce all responsive, non-exempt records. NRDC also seeks an order requiring DOI to provide these records without further delay.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6.    Venue is proper in the Southern District of New York because NRDC maintains its principal place of business in this judicial district. 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. § 1391(c)(2), (e)(1).

## THE PARTIES

7.    Plaintiff NRDC is a nonprofit advocacy organization with hundreds of thousands of members nationwide. NRDC engages in research, advocacy, public education, and litigation on behalf of its members to safeguard the earth—its people, plants, animals, and the natural systems on which all life depends. NRDC's headquarters is located at 40 West 20th Street, New York, New York 10011.

8.    Defendant United States Department of the Interior is a federal agency within the meaning of FOIA, 5 U.S.C. § 551(1), and possesses or controls the records NRDC seeks in this action.

2

## STATUTORY AND REGULATORY FRAMEWORK

9.    FOIA requires federal agencies to release records to the public upon request unless a statutory exemption from disclosure applies. 5 U.S.C. § 552(a)-(b).

10.    Within twenty business days of when the agency receives a FOIA request, it must notify the requester of its determination whether to comply with the request along with the rationale and scope of records the agency will produce. 5 U.S.C. § 552(a)(6)(A)(i); *see* 43 C.F.R. § 2.16(a).

11.    Once an agency determines that it will comply with a FOIA request, it must "promptly" produce responsive, non-exempt records to the requester. 5 U.S.C. § 552(a)(6)(C)(i).

12.    In "unusual circumstances," an agency may extend this twenty-day time limit by up to ten business days by providing written notice to the requester "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i); *see also* 43 C.F.R. § 2.19(a), (b).

13.    An agency must release the requested information at no or reduced cost if its disclosure "is in the public interest because it is likely to contribute to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see* 43 C.F.R. § 2.45(a).

14.    FOIA entitles representatives of the news media to a fee reduction. 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 43 C.F.R. §§ 2.38, 2.39.

3

15.    If an agency fails to notify the requester of its determination within the statutory time limit, the requester may immediately seek judicial relief. 5 U.S.C. § 552(a)(6)(C)(i).

16.    FOIA grants federal district courts authority to "enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld." *Id.* § 552(a)(4)(B).

## FACTUAL BACKGROUND

### A. DOI's Offshore Wind Lease Cancellation Agreements

17.    DOI is the federal agency charged with planning, leasing, and authorizing development of energy projects on the outer continental shelf.

18.    The Bureau of Ocean Energy Management (BOEM) is a bureau within DOI, established "to manage development of U.S. Outer Continental Shelf (OCS) energy, mineral, and geological resources in an environmentally and economically responsible way." U.S. Dep't of Interior, BOEM, *About BOEM: Our Mission*, https://perma.cc/E7EW-6LA7.

19.    From 2013 through 2024, BOEM issued more than thirty leases for offshore wind development projects in U.S. federal waters.

20.    Offshore wind development projects are complex, multibillion-dollar, infrastructure projects that require years of planning, permitting, and development to progress from leasing to construction to providing power to the grid.

21.    TotalEnergies is a French energy development company that, through corporate subsidiaries, won federal auctions for offshore wind leases off the coasts of

4

North Carolina and New York in 2022. TotalEnergies' subsidiary Attentive Energy LLC won the New York lease with a bonus bid payment of $795 million. Another TotalEnergies subsidiary won the North Carolina lease with a bonus bid payment (accounting for a bid credit) of $133,333,333.

22.    On March 23, 2026, DOI and TotalEnergies (through subsidiaries) entered agreements that would cancel the TotalEnergies leases and pay TotalEnergies' subsidiaries over $900 million from the federal government's Judgment Fund (the "TotalEnergies Agreements").

23.    DOI's press release on the TotalEnergies Agreements stated that "TotalEnergies has committed to invest approximately $1 billion—the value of its renounced offshore wind leases—in oil and natural gas and LNG production in the United States. Following their new investment, the United States will reimburse the company dollar-for-dollar, up to the amount they paid in lease purchases for offshore wind." Press Release, U.S. Dep't of Interior, *Interior and TotalEnergies Agree to End Offshore Wind Projects, Lowering Costs for American Families* (Mar. 23, 2026), https://perma.cc/UN5Y-PN2L.

24.    TotalEnergies' press release stated that "[u]nder the terms of the settlement, TotalEnergies will recover the lease fees paid and will invest an equal amount in the development of U.S. Gas & Power production and exports." Press Release, TotalEnergies, *TotalEnergies Signs Agreements with U.S. Department of Interior to End its U.S. Offshore Wind Projects* (Mar. 23, 2026), https://perma.cc/KK2T-6V6S.

25.     Neither DOI nor TotalEnergies made the agreements or underlying documents immediately available.

26.     In April 2026, DOI released the underlying agreements. Each required (1) a TotalEnergies subsidiary to make a specific amount of investment ($795 million for the New York lease, and around $133 million for the North Carolina lease) in oil and gas development between November 18, 2025 and September 30, 2026; (2) DOI to cancel the respective lease once the TotalEnergies subsidiary had shown it made the requisite oil and gas investment; and (3) DOI, upon cancellation of the respective lease, to request payment from the Judgment Fund equal to the investment.

27.     In each agreement's whereas clauses, the parties claimed the agreement was necessary because (a) if the TotalEnergies subsidiary continued developing its lease, at some point DOI would have suspended the lease for purported national security reasons; (b) if that happened, the TotalEnergies subsidiary would have filed a breach of contract suit; so (c) canceling the lease would bring certainty to the leases and address DOI's purported national security concerns.

28.     On April 9, 2026, DOI cancelled the TotalEnergies North Carolina lease.

29.     On April 17, 2026, DOI cancelled the TotalEnergies New York lease.

30.     By April 30, 2026, the Department of Treasury had transferred $928,333,333 from the Judgment Fund to TotalEnergies subsidiaries.

31.    While DOI released the agreements and cancellation orders related to the TotalEnergies leases, it has not made public any other documents underlying the conception, negotiation, approval, or implementation of the agreements.

## B.  NRDC's March 30 FOIA Request

32.    On March 30, 2026—one week after DOI announced the TotalEnergies Agreements—NRDC submitted a FOIA request to DOI. That March 30 Request asked for all records in the possession, custody, or control of DOI, including BOEM, that (1) reflect the contents of the TotalEnergies Agreements or (2) are, include, or reflect decisions, directions, or communications—internal or external to DOI—related to planning, negotiating, and executing the TotalEnergies Agreements. *See* Exhibit A.

33.    DOI assigned the March 30 Request the tracking number DOI-2026-005001.

34.    DOI's twenty-business-day deadline to respond to the March 30 Request was April 27, 2026. DOI did not meet that deadline.

35.    As of the date of this Complaint, DOI has not produced any documents or otherwise issued a determination as to the March 30 Request.

## C.  Purpose of NRDC's Request

36.    The TotalEnergies Agreements have generated significant public attention. *See, e.g.*, Maxine Joselow & Brad Plumer, *Trump Administration to Pay $1 Billion to Energy Giant to Cancel Wind Farms*, N.Y. Times (Mar. 23, 2026), https://perma.cc/K9YV-VGNH. As have the Trump Administration's broader attacks

on the development of wind power, both on and offshore. *See, e.g.*, Brad Plumer, *More Than 150 Wind Projects Stall as Pentagon Delays Reviews*, N.Y. Times (May 4, 2026), https://perma.cc/VC3N-E2QL; Maxine Joselow, *Judge Hands Trump a Fifth Loss in His Effort to Halt Offshore Wind Projects* (Feb. 2, 2026), https://perma.cc/3Q72-RPUZ; Maxine Joselow & Brad Plumer, *Federal Judge Finds Trump's Halt on Wind Energy Is Illegal*, N.Y. Times (Dec. 28, 2025), https://perma.cc/C3AH-6ELU.

37.     NRDC requests the records relating to the TotalEnergies Agreements to effectively pursue its interests in informing the public about the Trump Administration's efforts to stymie progress on the development of clean energy, particularly offshore wind. DOI's failure to disclose the records NRDC has requested prevents NRDC and the public from fully understanding those efforts.

38.     Obtaining the requested information is important to NRDC's goals of promoting the responsible development and deployment of clean energy, informing the public of the government's actions concerning our natural environment, and safeguarding the earth. NRDC regularly publishes information on its website and through social media about offshore wind development, other forms of clean energy development, and agency decisionmaking. NRDC would likely use information gained through this FOIA request to educate NRDC members and the public about DOI's approaches to wind development and the decisionmaking process leading to, and the implementation of, these unprecedented agreements.

## CLAIM FOR RELIEF

39.    NRDC incorporates by reference all preceding paragraphs.

40.    NRDC has a right under FOIA to receive a full response to its March 30 Request by the statutory deadline, which has passed. *See* 5 U.S.C. § 552(a).

41.    NRDC has a right under FOIA to promptly obtain all records that are responsive to its March 30 Request and not exempt from disclosure.

42.    DOI violated, and is continuing to violate, its statutory duty under FOIA to fully respond to NRDC's March 30 Request and to release all responsive, non-exempt records to NRDC.

## REQUEST FOR RELIEF

NRDC respectfully requests that this Court enter a judgment against DOI:

A.    Declaring that DOI has violated FOIA by failing to issue a determination on, and release all non-exempt responsive records to, NRDC's March 30 Request;

B.    Directing DOI to promptly release to NRDC all responsive, non-exempt records requested in NRDC's March 30 Request;

C.    Directing DOI to produce an index identifying any records or parts thereof that it withholds and the basis for the withholdings, in the event DOI determines that certain responsive records are exempt from disclosure;

D.    Retaining jurisdiction over this case to rule on any relevant claims concerning the scope of DOI's obligations under FOIA;

E.    Awarding NRDC its reasonable costs and attorneys' fees; and

F.      Granting such other and further relief as the Court deems just and

proper.


Dated: May 15, 2026                              Respectfully submitted,


                                                 /s/ Jared E. Knicley
                                                 Jared E. Knicley*
                                                 Natural Resources Defense Council
                                                 1152 15th Street NW, Suite 300
                                                 Washington, DC 20005
                                                 T: (202) 513.6242
                                                 F: (415) 795-4779
                                                 jknicley@nrdc.org
                                                 *pro hac vice application pending

                                                 Counsel for Plaintiff Natural
                                                 Resources Defense Council, Inc.