**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 17, 2026

The Court thanks the parties for the update at Dkt. No. 26. Given that the parties do not anticipate the need for discovery, the initial case management conference scheduled for **September 24, 2026 at 2:00 p.m. ET** (Dkt. No. 25) is **ADJOURNED** sine die. By **November 2, 2026**, the parties shall file another joint letter updating the Court on the status of this action. In the meantime, the Court **ADOPTS** the parties' joint letter at Dkt. No. 26 as their case management plan.

SO ORDERED. September 17, 2026

SARAH L. CAVE
United States Magistrate Judge

**BY ECF**
Hon. Sarah L. Cave
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Natural Resources Defense Council v. U.S. Dep't of the Interior*, No. 26 Civ. 4056 (VSB) (SLC)

Dear Judge Cave:

The parties to this Freedom of Information Act ("FOIA") litigation respectfully submit this joint letter as a report of their Rule 26(f) conference, which the parties held by teleconference on August 28, 2026, and to propose that the initial pretrial conference scheduled for September 24, 2026 (ECF No. 25), be adjourned. Instead, the parties request that they be permitted to submit a joint status letter within forty-five days of the date of this letter.

Although the parties have responded below according to the sections of the Court's model Report of Rule 26(f) Conference and Proposed Case Management Plan ("Model Report"), the parties respectfully submit that various sections of that Model Report are inapplicable to a FOIA matter. In particular: no discovery, expert testimony, or trial is anticipated in this case, and Local Civil Rule 16.1 exempts FOIA matters from the requirement of a Rule 16(b) case management order.

Defendants have conducted searches with respect to all five FOIA Requests at issue in this matter and are processing potentially responsive documents identified in those searches. As is typical in FOIA cases, once defendants have completed their searches and productions, the parties anticipate that they will meet in good faith to attempt to resolve or narrow any outstanding issues, including the scope of defendants' searches or exemptions asserted by defendants. Any unresolved disputes would be presented to the Court on cross-motions for summary judgment.

Because there are no current disputes between the parties, the parties respectfully suggest that the initial scheduling conference be adjourned and instead the parties be permitted to submit a joint status report within forty-five days of the date of this letter.

## 1. The Court's Expectations

The parties have reviewed Section 1 of the Court's Model Report and represent by their signatures below that they have read and will comply with Section 1.

**2. Summary of Claims, Defenses, and Relevant Issues.**

Plaintiff: Plaintiff seeks, *inter alia*, to compel the prompt production of all responsive, non-exempt records sought by five FOIA requests (the "FOIA Requests") submitted to defendant Department of the Interior ("DOI") and defendant Bureau of Ocean Energy Management ("BOEM"). Suppl. Compl. at 17, ECF No. 13-1.

Defendants: Defendants assert that they are exercising due diligence in searching for records responsive to Plaintiff's FOIA Requests and in processing non-exempt, potentially responsive documents for production. Plaintiff has submitted the FOIA Requests to distinct offices within DOI, and the scope of defendants' search for each FOIA Request is governed by applicable regulations in light of the office to which that FOIA Request was submitted.

**3. Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction)**

This Court has subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**4.-7 Subjects on Which Discovery May Be Needed; Informal Disclosures; Discovery Plan; Anticipated Discovery Disputes**

Plaintiff: While plaintiff does not currently anticipate a need for discovery in this matter, it reserves the right to seek this Court's leave to take targeted discovery if necessary. *See Halpern v. FBI*, 181 F.3d 279, 295 (2d Cir. 1999).

Defendants: It is defendants' position that discovery will not be appropriate in this FOIA matter. *See Gertskis v. EEOC*, No. 11 Civ. 5830 (JMF), 2013 WL 1148924, at *14 (S.D.N.Y. Mar. 20, 2013) ("A court need not authorize discovery on FOIA claims . . . ."); *see* Local Civil Rule 16.1 (no discovery in FOIA cases unless authorized).

**8. Amendments to Pleadings**

The parties do not anticipate any further amendments to the pleadings.

**9.-10. Expert Witness Disclosure; Electronic Discovery and Preservation of Documents and Information**

The parties do not anticipate a need for electronic discovery or expert witnesses.

**11. Early Settlement or Resolution**

The parties have conferred regarding the status of defendants' response to the FOIA Requests and intend to continue to confer in the hope of avoiding or narrowing any disputes that may require judicial resolution. The parties do not request a settlement conference.

**12. Trial**

As this is a FOIA matter, the parties anticipate that any merits disputes will be addressed on cross-motions for summary judgment after defendants complete their response to the FOIA Requests. The matter will not require a trial.

**13. Other Matters; Fed. R. Evid. 502(d)**

The parties acknowledge the information contained in Section 13 of the Court's Model Report.

The parties thank the Court for its consideration of their report and request.

Respectfully,

*/s/Morgan S. Taradash*
MORGAN S. TARADASH (pro hac vice)
Natural Resources Defense Council
111 Sutter St., Fl. 21
San Francisco, CA 94104
T: (415) 875-8260
F: (415) 875-6100
mtaradash@nrdc.org

*/s/ Jared E. Knicley*
JARED E. KNICLEY (pro hac vice)
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
T: (202) 513-6242
F: (415) 795-4779
jknicley@nrdc.org

*Counsel for Plaintiff Natural Resources Defense Council, Inc.*

JAMES M. MCDONALD
United States Attorney

By: */s/ Robert Yalen*
ROBERT WILLIAM YALEN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
T: (212) 637-2722
robert.yalen@usdoj.gov

*Counsel for Defendants*